**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LOUIS WILBERT BOYD, JR.**                                    **CIVIL ACTION**

**VERSUS**                                                                   **NO. 09-7639**

**MAJ. NOWACK**                                                       **SECTION "I"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Louis Wilbert Boyd, Jr., a federal pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983 against Major Nowack.[1] A Spears hearing was held in this matter on January 22, 2010.[2] Based on the allegations in the complaint and the Spears hearing testimony, the Court finds that plaintiff is making the following allegations in this lawsuit.

---

[1]      On the initial page of the complaint, plaintiff listed eight defendants: Kelly Lasher, Major Nowack, Diane Rushing, Magistrate Judge Louis Moore, Jr., Judge Sarah S. Vance, Judge Emile St. Pierre, "John Doe," and "Jane Doe." However, plaintiff placed an asterisk by only the name of Major Nowack; further, on the fourth page of the complaint, plaintiff clarified that Nowack was the only defendant intended in *this* lawsuit. It is apparent that the other seven individuals listed were in fact intended as defendants in the seven other lawsuits contemporaneously filed by plaintiff: Civil Actions Nos. 09-7508 "R"(2) (against Kelly Lasher for denial of medical care); 09-7641 "I"(2) (against Diane Rushing regarding various conditions of confinement); 09-7642 "J"(2) (against Magistrate Judge Moore concerning the denial of bail); 09-7643 "A"(1) (against Judge Sarah Vance concerning her handling of plaintiff's criminal case); 09-7645 "C"(5) (against Judge St. Pierre concerning an excessive bond); 09-7646 "I"(2) (against "John Doe" for not escorting plaintiff to a funeral); and 09-7647 "I"(5) (against "Jane Doe" concerning charges for medical services). Accordingly, it is clear that Major Nowack was the only intended defendant in this lawsuit, and this Report and Recommendation addresses only the claims against him.

[2]      See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Plaintiff's first claim is that the law library is deficient. He testified that he needs access to a law library to conduct research in connection with both his pending federal criminal charges and his various federal civil rights cases. As to the criminal proceedings, he testified that he is represented by retained counsel in that proceeding; however, he is unhappy with his counsel and wants to do his own research. As to his civil cases, he is pursuing those lawsuits *pro se*, and he needs better access to a wide range of legal materials to conduct research and to understand the rulings he is receiving from the Court.

Plaintiff next complains that the jail commissary operates as a monopoly and engages in price-gouging.

Plaintiff also complains that non-indigent inmates, such as himself, are charged fees for medical treatment and haircuts and that administrative processing fees are deducted from deposits into his prison account.[3] Plaintiff testified that he has never been denied such services due to lack of funds, but he believes that all such services should be free since he is incarcerated.

Lastly, plaintiff complains that the jail does not have committees of inmates to give input on how inmate welfare funds are spent.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[3] Plaintiff testified that prisoners are charged $2.00 for haircuts by inmate barbers and a $2.50 administrative processing fee for account deposits.

redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. §

1915A(a).[4]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27

F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

---

[4]  "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[5] the Court nevertheless finds that, for the following reasons, the complaint must be dismissed as frivolous.

## II. Plaintiff's Claims

### A. Law Library

Plaintiff's first claim is that the law library is deficient. It is clear that inmates have a constitutional right of meaningful access to the courts, which includes a right of access to law libraries or assistance from legally trained personnel necessary to file nonfrivolous legal claims challenging their convictions or conditions of confinement. Bounds v. Smith, 430 U.S. 817, 828 (1977); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). That right extends to pretrial detainees, such as plaintiff, as well as to convicted prisoners. See United States v. Moya-Gomez, 860 F.2d 706, 743 (7th Cir. 1988); Sosa v. Strain, Civil Action No. 06-9040, 2007 WL 1521441, at *6 n.8 (E.D. La. May 22, 2007); Buckenburger v. Strain, Civil Action No. 06-5670, 2006 WL 4503353, at *3 (E.D. La. Oct. 20, 2006); Kirkpatrick v. Daugherty, Civil Action No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006). However, claims alleging violations of the right of access to courts are not cognizable unless the inmate's position as a litigant was prejudiced by the denial of access. See, e.g., Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); McDonald v. Steward, 132 F.3d 225, 230-31 (5th

---

[5] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Cir. 1998); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996).

Plaintiff first alleges an access-to-courts claim with respect to his criminal proceedings. That criminal case, United States v. Boyd, Crim. Action No. 09-63 "R"(5), currently remains pending in this Court.[6] The record in that proceeding shows that, on March 5, 2009, Boyd was charged with five counts of distribution of cocaine, one count of possession of a firearm by a convicted felon, and one count of possession of a firearm in furtherance of a drug trafficking crime. On March 23, 2009, the federal public defender was appointed to represent Boyd. At the arraignment on March 26, 2009, retained counsel, Thomas Calogero, enrolled as counsel for Boyd and the federal public defender was allowed to withdraw. As of this date, Boyd is still represented by Calogero.

Based on the foregoing, it is evident that plaintiff's has no valid access-to-courts claim in connection with his criminal proceeding. The appointment of the federal public defender satisfied plaintiff's right of access to courts for his criminal proceedings; in light of that appointment, he was not additionally entitled to independent access to a law library and legal materials. Caraballo v. Federal Bureau of Prisons, 124 Fed. App'x 284, 285 (5th Cir. 2005); Webb v. Scott, No. 99-50803, 2000 WL 959918, at *1 (5th Cir. June 13, 2000); Giroir v. Pittman, Civ. Action No. 07-5670, 2008 WL 1884054, at *4 n.8 (E.D. La. Apr. 27, 2008); Mitchell v. Gusman, Civ. Action No. 07-5470,

---

[6] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985); see also Thompson v. St. Bernard Parish Court, Civ. Action No. 09-4465, 2010 WL 110797, at *1 n.2 (E.D. La. Jan. 11, 2010).

2008 WL 449650, at *3 (E.D. La. Feb. 14, 2008); Sosa, 2007 WL 1521441, at *6 n.8; Buckenburger, 2006 WL 4503353, at *3; Kirkpatrick, 2006 WL 2401108, at *4; Williams v. Bartel, Civil Action No. 05-21, 2006 WL 2547064, at *3 (W.D. La. June 19, 2006) (Wilson, M.J.) (Report and Recommendation adopted by Trimble, J., on August 31, 2006).

If a criminal defendant subsequently discharges his public defender, he is not entitled to access to a law library even if he elects to proceed *pro se*. Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) ("[H]aving rejected the assistance of court appointed counsel, [an inmate has] no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial."); see also Sosa, 2007 WL 1521441, at *6 n.8; Buckenburger, 2006 WL 4503353, at *3. Plaintiff, however, is not proceeding *pro se*; rather, he is currently represented by retained counsel in the criminal proceeding. Because plaintiff is currently represented, he has no valid access-to-courts claim with respect to his criminal proceeding, even if he would like to "assist" his attorney. Caraballo, 124 Fed. App'x at 285; Gordon v. Police Jury of Jefferson Davis Parish, No. 01-30146, 2001 WL 1468183, at *1 (5th Cir. Oct. 26, 2001); Ashcraft v. Cameron County, No. 97-41219, 1998 WL 611201, at *3 (5th Cir. Aug. 17, 1998) ("A criminal defendant cannot complain that he was denied access to the courts while represented by counsel."); Ford v. Foti, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); Childs v. Scott, No. 94-60723, 1995 WL 153057 (5th Cir. Mar. 22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts."); Webb v. Havins, No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); Crockett v. Carpenter, No. 93-1480, 1994 WL

144645, at *3 (5th Cir. Apr. 5, 1994); cf. Prather v. Anderson, No. Civ. A. H-05-2964, 2005 WL 2277528, at *2 (S.D. Tex. Aug. 31, 2005) ("It is well established ... that a criminal defendant has no constitutional right to hybrid representation ....").

Plaintiff also asserts an access-to-courts claim with respect to his numerous federal civil rights lawsuits. That claim is also frivolous. As noted previously, an inmate's right of access to courts is violated only if his position as a litigant was *prejudiced* with respect to a *nonfrivolous* claim. Six of plaintiff's eight federal civil lawsuits have already been reviewed and it has been determined that his claims in those cases are subject to immediate dismissal as frivolous, malicious, unexhausted, and/or for failure to state a claim on which relief may be granted.[7] Moreover, for the reasons set forth in this opinion, the instant complaint is also subject to dismissal as frivolous. Aside from the foregoing, plaintiff has only one other lawsuit, Boyd v. Lasher, Civ. Action No. 09-7508 "R"(2). That case is still at the screening stage and no rulings adverse to plaintiff have been issued. Accordingly, he cannot show that he has been prejudiced in that case by the alleged denial of access to adequate legal materials or services.

---

[7]    See Boyd v. Lasher, Civ. Action No. 09-7641 "I"(2) (dismissed on February 5, 2010, as frivolous and/or for failure to state a claim on which relief may be granted); Boyd v. Lasher, Civ. Action No. 09-7642 "J"(2) (dismissed on January 28, 2010, as frivolous, malicious, and/or for failure to state a claim on which relief may be granted); Boyd v. Vance, Civ. Action No. 09-7643 "A"(1) (dismissed on January 13, 2010, as frivolous and/or for failure to state a claim on which relief may be granted); Boyd v. Lasher, Civ. Action No. 09-7645 "C"(5) (on January 6, 2010, a report was issued recommending that plaintiff's § 1983 claims be dismissed as frivolous and his *habeas corpus* claims be dismissed as unexhausted); Boyd v. Lasher, Civ. Action No. 09-7646 "I"(2) (dismissed on February 5, 2010, as frivolous and/or for failure to state a claim on which relief may be granted); Boyd v. Lasher, Civ. Action No. 09-7647 "I"(5) (dismissed on February 4, 2010, as frivolous and for failure to state a claim on which relief may be granted).

Accordingly, for the foregoing reasons, plaintiff's access-to-courts claim should be dismissed as frivolous.

## B. Commissary

Plaintiff next claims that the commissary is a monopoly and engages in price-gouging. Those claims are likewise frivolous. The federal constitution does not require that inmates be provided with any retail outlets in prison, much less a variety of such outlets. Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop."); Harrison v. Federal Bureau of Prisons, 611 F.Supp.2d 54, 62 (D.D.C. 2009) ("It is established that an inmate has no federal constitutional right to purchase items from a prison commissary."); Hopkins v. Keefe Commissary Network Sales, Civ. Action No. 07-745, 2007 WL 2080480, at *5 (W.D. Pa. July 12, 2007). Therefore, the fact that there is a single commissary operating without competition does not run afoul of the Constitution. Further, as to the contention that the commissary prices are too high, inmates do not have a constitutional right to purchase commissary items at low prices. See French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980) ("[T]here is simply no legal basis for a demand that inmates be offered items for purchase at or near cost."); see also Armstrong v. Broadus, Civ. Action No. 1:08CV225, 2009 WL 3805552, at *9 (S.D. Miss. Nov. 6, 2009); Smith v. Shivers, Civ. Action No. 09-1027, 2009 WL 3379925, at *4 (W.D. La. Oct. 16, 2009); Hopkins, 2007 WL 2080480, at *5; Pepper v. Carroll, 423 F.Supp.2d 442, 449 (D. Del. 2006); Trujillo v. Young, Civ. Action No. 7:02CV01083, 2003 WL 23312781, at *3 (W.D. Va. June 5, 2003).

## C.  Charges and Fees

Plaintiff next complains that he is charged fees for medical treatment and haircuts and that administrative processing fees are deducted from deposits into his prison account.  Those claims are also frivolous.  It is clear that non-indigent prisoners may be charged for all manner of services and supplies they receive.  See, e.g., Cotner v. Knight, No. 95-6105, 1995 WL 441408, at *13 (10th Cir. July 21, 1995) (non-indigent inmates may be charged for photocopies and postage); Boles v. Overton, No. 93-1249, 1993 WL 533572, at *2 (6th Cir. Dec. 20, 1993) (upholding prison's 5% service charge on inmate accounts for processing catalog orders); Cummings v. Gusman, Civ. Action No. 09-144, 2009 WL 1649737, at *3 n.11 (E.D. La. June 9, 2009) (non-indigent inmates may be charged for hygiene supplies); Coleman v. Whitney, Civ. Action No. 06-2285, 2006 WL 3791316, at *2 (E.D. La. Dec. 21, 2006) (non-indigent inmates may be charged for medical services); Wilkerson v. Champagne, Civ. Action No. 03-1754, 2003 WL 22872106, at *3 (E.D. La. Nov. 28, 2003) (same); Hutchinson v. Belt, 957 F.Supp. 97, 100 (W.D. La. 1996) (same).

## D.  Lack of Inmate Committees

Lastly, plaintiff complains that the jail does not have committees of inmates to give input on how prison funds are spent.  The federal constitution simply does not require such solicitation of prisoner input, through committees or otherwise.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[8]

New Orleans, Louisiana, this eleventh day of February, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[8]  Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.